## UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

JENNIFER RICHARDSON,
 *Plaintiff*,

 v.

DERMIRA, INC.,
 *Defendant*.

No. 3:21-cv-15 (JAM)

### ORDER GRANTING MOTION TO COMPEL ARBITRATION

The plaintiff used to work for the company defendant as a pharmaceutical sales representative. She has filed this action alleging that the company wrongfully terminated her employment.

The company has moved to compel arbitration. The plaintiff does not dispute that she agreed to arbitrate but argues that she was a transportation worker within the scope of an exemption to the Federal Arbitration Act (FAA), 9 U.S.C. § 1 *et seq.* Because the record does not show that plaintiff was a transportation worker within the meaning of the FAA, I will grant the company's motion to compel arbitration.

### BACKGROUND

On July 17, 2018, the plaintiff Jennifer Richardson accepted a job offer from the defendant Dermira, Inc. for a position of Therapeutic Sales Specialist.[1] According to the complaint, her job was "in the titular capacity of a pharmaceutical sales representative in the general New England area," and her "principal responsibility entailed marketing and sales of the medication identified as 'Qbrexa,'" which is a product sold by the company to treat "excessively sweaty armpits."[2]

---

[1] Doc. #19-1 (job offer letter).

[2] Doc. #1 at 2 (¶¶ 5-6).

The complaint further alleges that Richardson "was charged with traveling up to Two-Thousand Five-Hundred (2,500) Miles across the breadth of the New England area" in order to meet with dermatologists.[3] In addition, Richardson avers that, as "[p]art of my job duties … in my capacity as a pharmaceutical sales representative," she "would often pick up medical supplies and/or pharmaceutical samples" from one of the company's storage facilities in Connecticut and transport these supplies and samples to healthcare providers in New York, and that this transport activity was one of "the main duties/functions/responsibilities" of her employment for the company.[4]

Richardson has filed this federal court action alleging that the company wrongfully terminated her employment in 2020 because of her disability.[5] The company in turn moves to compel arbitration.[6] Richardson opposes the motion on the ground that she was employed as a transportation worker who is not subject to the Federal Arbitration Act.

## DISCUSSION

When deciding a motion to compel arbitration, courts apply a "standard similar to that applicable for a motion for summary judgment." *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 229 (2d Cir. 2016).[7] Courts must "consider all relevant, admissible evidence submitted by the parties

---

[3] *Ibid.* (¶ 7).

[4] Doc. #21 at 6-7 (¶¶ 4-6) (declaration of Jennifer Richardson).

[5] Doc. #1. Although Richardson has filed this action *pro se*, it is readily evident from the language and formatting of her papers that they are drafted in the form that is ordinarily filed by an attorney. The company alleges that Richardson is represented by an attorney in Florida who has not sought admission to this Court. Doc. #26 at 1 n.1. In the absence of any refutation of this claim, I decline to accord Richardson's pleadings the leeway that I would otherwise apply to the review and consideration of papers filed by a *pro se* plaintiff.

[6] Doc. #18.

[7] Unless otherwise indicated, this ruling omits internal quotation marks, alterations, citations, and footnotes in text quoted from court decisions.

and contained in pleadings, … together with affidavits," and must "draw all reasonable inferences in favor of the non-moving party." *Ibid*.

The Federal Arbitration Act states that "[a] written provision in … a contract … to settle by arbitration a controversy thereafter arising out of such contract … shall be valid, irrevocable, and enforceable." 9 U.S.C. § 2. The FAA reflects a liberal policy favoring arbitration if the parties have so agreed. *See AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 346 (2011); *Soliman v. Subway Franchisee Advert. Fund Tr., Ltd.*, 999 F.3d 828, 834 (2d Cir. 2021).

The FAA, however, has an exemption for certain transportation workers. It states that "nothing herein contained shall apply to contracts of employment of seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce." 9 U.S.C. § 1.

The Supreme Court has explained that the reason for this "particular qualification" is that "[b]y the time it adopted the Arbitration Act in 1925, Congress had already prescribed alternative employment dispute resolution regimes for many transportation workers," and that "it seems Congress did not wish to unsettle those arrangements in favor of whatever arbitration procedures the parties' private contracts might happen to contemplate." *New Prime Inc. v. Oliveira*, 139 S. Ct. 532, 537 (2019). Thus, under the "transportation worker" exemption, the FAA "'exempts from the Act contracts of employment of transportation workers." *Id.* at 538 (quoting *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 119 (2001)).

The Second Circuit has "interpreted that exclusion narrowly to encompass only 'workers involved in the transportation industries.'" *Adams v. Suozzi*, 433 F.3d 220, 226 n.5 (2d Cir. 2005) (quoting *Md. Cas. Co. v. Realty Advisory Bd. on Labor Relations*, 107 F.3d 979, 982 (2d Cir. 1997)); *Coca-Cola Bottling Co. of New York v. Soft Drink & Brewery Workers Union Loc. 812 Int'l Bhd. of Teamsters*, 242 F.3d 52, 55 (2d Cir. 2001) (same). The Second Circuit has long

3

"held that the exclusionary clause in Section 1 applied only to those actually in the transportation industry" and has declined to apply the exemption to a worker such as a professional basketball player who "clearly is not involved in the transportation industry." *Erving v. Virginia Squires Basketball Club*, 468 F.2d 1064, 1069 (2d Cir. 1972).

Richardson worked as a sales representative for a pharmaceutical company. Because her company itself is not part of the transportation industry and because her job description is not one that is inherently part of the transportation industry, she does not fall within the transportation worker exemption.

The fact that much of Richardson's job entailed driving across state lines to meet customers and transporting supplies and samples of goods across state lines does not mean that Richardson was an interstate "transportation worker" for purposes of the narrow exemption under the FAA. That is because the text of the transportation worker exemption "asks a court to look to classes of workers rather than particular workers." *Harper v. Amazon.com Servs., Inc.*, 12 F.4th 287, 293 (3d Cir. 2021) (citing 9 U.S.C. § 1).

Whatever the transport-related aspects of Richardson's particular job, there is nothing to suggest that workers who are employed like Richardson as pharmaceutical sales representatives are—as a *class*—transportation workers akin to railroad workers or seamen who are within the transport worker exemption. *See, e.g., Hill v. Rent-A-Ctr., Inc.*, 398 F.3d 1286, 1289–90 (11th Cir. 2005) (declining to apply the transportation worker exemption to an account manager for a furniture-and-appliance rental company and who periodically delivered products in a truck to out-of-state customers because "[t]here is no indication that Congress would be any more concerned about the regulation of the interstate transportation activity incidental to [the plaintiff's] employment as an account manager, than it would in regulating the interstate

'transportation' activities of an interstate traveling pharmaceutical salesman who incidentally delivered products in his travels, or a pizza delivery person who delivered pizza across a state line to a customer in a neighboring town").

Richardson is not an interstate transportation worker within the scope of the exemption to the FAA. Because Richardson raises no other objection to arbitration, I will grant the company's motion to compel arbitration and stay these court proceedings pending arbitration. *See Katz v. Cellco P'ship*, 794 F.3d 341, 345–47 (2d Cir. 2015).

### CONCLUSION

The Court GRANTS the motion to compel arbitration (Doc. #18). This action is STAYED pending arbitration. The parties shall file a joint status report on or before **May 1, 2022**.

It is so ordered.

Dated at New Haven this 31st day of January 2022.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge